ULRICK OPPLIGER *et al.*, Respondents, v. ANDREW J. SUTTON, Appellant.

Kansas City Court of Appeals, May 30, 1892.

1. **Trusts and Trustees:** COMPENSATION. A trustee is bound as to the amount of his compensation by the provision of the instrument creating the trust.

2. Practice, Appellate: VERDICT: REMITTITUR. Where the evidence clearly shows the verdict is in excess of the amount due, the appellate court will reverse and remand unless *remittitur* is entered.

*Appeal from the Andrew Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED (*nisi*).

*David Rea* and *Booher & Williams,* for appellant.

(1) The plaintiffs sue on a settlement made with the defendant, and, hence, they cannot abandon the issue in their proofs. *Railroad v. Kimmel,* 58 Mo. 83. (2) Plaintiffs allege a settlement by and between all the sureties on the school bond and on the county bond and said David Newburn and this defendant, about the first day of October, 1890, by which it was agreed that defendant should pay plaintiffs $300. There was no effort made to prove such a settlement. (3) The court erred in not sustaining defendant's demurrer to the evidence. There was no evidence to support the verdict. *Harlan v. Railroad,* 65 Mo. 22; *Hearne v. Keath,* 84 Mo. 84; *Grubbs v. Cones,* 57 Mo. 83. (4) The evidence clearly shows that part of the trust property had not been sold, and that there could not have been a full settlement. There is no evidence that anybody at any time ever went over the accounts and agreed to the items or any balance due plaintiffs from defendant. There was no accounting to which defendant could have assented. *Railroad v. Kimmel, supra.* (5) The verdict of the jury was against both the evidence and instructions and clearly for the wrong party. *Ackley v. Staehlin,* 56 Mo. 558; *Dedo v. White,* 50 Mo. 241.

*Heren & Ensor*, for respondents.

The verdict of the jury was in accordance with the evidence, and the weight of the evidence, and under the evidence and the law, and in right and justice, was for the right party, and should not be disturbed. The cases referred to by appellant in brief are good law where applicable, but we fail to see any application in any case cited to the pleadings and evidence in the case at bar. We fail to see any point of law involved in the case at bar. The case depends entirely upon facts and evidence, all of which were fairly and properly submitted to the jury.

SMITH, P. J.—Augustine was the defaulting treasurer of Andrew county. The plaintiffs and the defendant were the sureties on his county bond. By a proper instrument in writing he transferred to defendant and David Newburn certain personal property in trust to secure the sureties on both his county and school bonds against their liability thereon. It was provided in the instrument that "said David Newburn and A. J. Sutton to take immediate possession of all of said property, and proceed, with all convenient speed, to sell the same for the best price and on the most advantageous terms that can be obtained therefor, and hold and apply the proceeds thereof in the manner following, to-wit: Said Newburn and Sutton shall keep a strict itemized account of all of the expenses incurred in and about the execution of said trust, which shall first be paid from the proceeds of the sale of said property. Next, said Newburn and Sutton shall be allowed and paid from the proceeds of said property, as full compensation of all services by them rendered in and about said trust, the sum of $25, and, after the amount of said charges and expenses shall have been fully paid, the

remaining amount of said proceeds shall be safely kept and held by said Newburn and Sutton until such time as the liability of the sureties on the bond of John Augustine, as treasurer of Andrew county, Missouri, and also the liability of the sureties on the bond of said John Augustine, as school treasurer of said county, shall be fully and finally fixed and determined, at which time said Newburn and Sutton shall apply the proceeds of said property remaining in their hands after the payment of expenses and services as hereinbefore provided to the payment of said liabilities in the following proportions, to-wit: Upon the liability established on each of said bonds for loss thereon, there shall be paid of the money in said Newburn's and Sutton's hands such a part of the whole sum in his hands as the liability on each bond shall be a part of the aggregate liability fixed and established on both of said bonds."

The trustees sold the property, and realized therefrom the gross sum of $1,899. Subsequently a controversy sprang up as to how the net proceeds of the sale should be apportioned between the two clases of sureties. This resulted in a settlement being made between them. It is conceded both by the pleadings and in the evidence that such settlement was made, but there was a partial disagreement as to its terms. It is not disputed that defendant was to represent the sureties on the county bond, of whom he was one, and that the other trustee was to represent the sureties on the school bond, of whom he was one. Nor is it disputed that defendant had in his hands, by an arrangement with the other trustee, all the proceeds of the sale except a few dollars.

It is admitted all around, that, under the terms of settlement, the sureties on the school bond were to have $1,400 of the amount in the hands of the trustees, and that defendant paid over that amount accordingly.

The plaintiffs contend that by the settlement the defendant trustee, having in his hands the funds of the trust, was to pay to the sureties on the county bond $300, and for the recovery of this amount the suit was brought against defendant.

The defendant's contention, on the other hand, is, that by the terms of the settlement the sureties on the county bond were to have, after the payment of the $1,400 to the sureties on the school bond, "the balance of the amount realized from the sale of the property, after deducting the charges and expenses for managing of the same, should be paid to the sureties on the county bond."

The uncontradicted evidence shows that Mr. Ensor was the attorney of the sureties on the school bond, in making the settlement, and that the defendant was guided largely by his direction as such attorney in making application of the trust fund under the settlement. It appears from the undisputed testimony of the defendant, that he paid out for expenses in executing trust, and by the direction of Mr. Ensor, various amounts, which, with the $1,400 paid the school bond sureties, aggregated the sum of $1,795.65, leaving a balance in his hands of $93.35, which he claims as commission. This he was not entitled to claim, as the instrument which clothed him with his trust powers limited the entire compensation of the trustees to $25. As the jury found for the plaintiffs only the sum of $187, it is obvious that they rejected the plaintiffs' theory of the case, or else they would have found for the entire amount they claimed under the settlement. It is equally clear that the jury must have accepted the defendant's theory of the case, and that there was in the defendant's hands, remaining unapplied, the amount

they found. The evidence does not fully sustain the verdict. It should have been only for the amount in the defendant's hands unapplied.

We have examined the instructions on both sides, and perceive no harmful error in the action of the court either in the giving or refusing of the same. Because of the error in the finding of the jury, we will reverse the judgment and remand the cause, unless the plaintiffs will, in ten days hence, file a *remittitur* in the sum of $87.60, leaving the judgment to stand for $99.40, only, in which case it will be affirmed. The defendant will recover his costs of appeal. All concur.